**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-CR-189-TCK |
| ) | (07-CV-518-TCK-TLW) |
| BRIAN SCOTT PERRY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court are the following motions filed by Defendant Brian Scott Perry ("Defendant" or "Perry"): motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 82), a letter requesting a ruling (Dkt. # 93), two (2) motions for appointment of counsel (Dkt. #s 107 and 108), and two (2) motions "to add additional issues, facts, and arguments to original petition under 28 U.S.C. 2255 & request discovery hearing" (Dkt. #s 106 and 109). The government filed a response (Dkt. # 92) to the § 2255 motion. Defendant did not file a reply. For the reasons discussed below, the Court finds that Defendant's § 2255 motion shall be denied. Defendant's remaining motions shall be denied.

As a preliminary matter, the Court exercises its discretion to deny Defendant's motions for appointment of counsel. There is no constitutional right to counsel beyond the direct appeal of a conviction. See Swazo v. Wyoming Department of Corrections, 23 F.3d 332 (10th Cir. 1994).

*BACKGROUND*

On November 3, 2004, Defendant was charged with one count of felon in possession of a firearm and ammunition. See Dkt. # 1. On November 29, 2004, Defendant filed a motion to suppress evidence. The Court held a hearing on the motion and denied relief. The case was set for jury trial on March 14, 2005. On March 10, 2005, the government filed a superseding indictment

adding two additional counts: possession of methamphetamine with intent to distribute (Count 2) and possession of a firearm in furtherance of a drug trafficking crime (Count 3).  See Dkt. # 28.  On March 22, 2005, Defendant appeared in person with counsel, was advised of the charges contained in the superseding indictment and entered pleas of not guilty.  See Dkt. # 38.  By letter dated March 25, 2005 (Dkt. # 39), or three (3) days after being advised of the charges contained in the superseding indictment, Defendant advised the Court that his attorney had asked him to accept an offer of ten (10) years in custody in exchange for a plea of guilty to Count 1 and expressed his disagreement with his attorney's advice since ten (10) years was the statutory maximum.  Because Defendant asked that his attorney be replaced, the letter was adjudicated as a motion for appointment of new counsel.  The record reflects that Defendant withdrew his request prior to trial.  See Dkt. # 41.  Also prior to trial, Defendant filed a motion to reconsider (Dkt. #s 50 and 56) the denial of the motion to suppress.  After holding a hearing on the motion to reconsider, the Court denied the requested relief.  See Dkt. # 57.

Defendant proceeded to jury trial.  On April 26, 2005, the jury returned verdicts of guilty on all three counts.  See Dkt. # 64.  On August 1, 2005, the Court sentenced Defendant to a total term of imprisonment of 150 months.  Judgment (Dkt. # 66) was entered August 19, 2005.  Defendant was represented throughout trial proceedings by Assistant Federal Public Defender Robert Ridenour.

Defendant appealed to the Tenth Circuit Court of Appeals, challenging the denial of the motion to suppress.  Specifically, he challenged the sufficiency of the affidavit supporting issuance of the search warrant and this Court's application of the good-faith exception to oversights in the affidavit.  By Order filed May 31, 2006 (Dkt. # 79), the appellate court affirmed this Court's

Judgment. Defendant was represented during appellate proceedings by Barry Derryberry, Assistant Federal Public Defender.

On September 13, 2007, Defendant filed the instant § 2255 motion (Dkt. # 82), along with a supporting brief (Dkt. # 83) and supporting affidavits (Dkt. #s 84 and 85). He identifies two claims, as follows:

1. Trial counsel was constitutional [sic] deficient by not challenging verification of any factual support as to an existence [sic] of a control buy used to establish probable cause to obtain search warrant.

2. Trial counsel was constitutional [sic] deficient by advising the Petitioner of erroneous sentencing range.

(Dkt. # 83). Defendant has also filed two motions "to add additional issues and facts" (Dkt. #s 106 and 109).

## *ANALYSIS*

### A. Evidentiary hearing

The Court finds that an evidentiary hearing is not necessary as the issues raised by Defendant in his § 2255 motion can be resolved on the basis of the record. See Townsend v. Sain, 372 U.S. 293, 318 (1963), overruled in part by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). Therefore, Defendant's motion for an evidentiary hearing, as requested in his motions "to add additional issues" (Dkt. #s 106 and 109) shall be denied.

### B. Motions to "add additional issues" (Dkt. #s 106 and 109)

On November 2, 2009, or more than two (2) years after filing his original § 2255 motion, Defendant filed a "motion to add additional issues" (Dkt. # 106). On December 4, 2009, he filed an identical motion (Dkt. # 109). In his motions, Defendant requests leave to add another claim of ineffective assistance of counsel based on counsel's failure to raise and properly preserve claims of

vindictive prosecution and prosecutorial misconduct. Defendant filed his motions to "add additional issues" supplement and/or amend more than three years after his conviction became final.[1]

Unless the new claim identified by Defendant "relates back" to the original § 2255 motion, the claim is barred by the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act "(AEDPA"). See 28 U.S.C. § 2255(f)(1). Pursuant to Fed. R. Civ. P. 15(c), "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). "Relation back" causes otherwise untimely claims, such as Defendant's new claim in this case, to be considered timely by treating them as if they had been filed when the timely claims were filed. Therefore, the new claim in Defendant's motion to amend will relate back and be considered timely if it "arose out of the conduct, transaction, or occurrence" set forth in his original § 2255 motion.

Defendant's proposed claim of ineffective assistance of counsel for failing to raise claims of vindictive prosecution and prosecutorial misconduct is a new claim, totally separate and distinct "in both time and type" from those raised in his original motion. See Mayle v. Felix, 545 U.S. 644, 664 (2005) (discussing interaction of Federal Rules of Civil Procedure and habeas corpus rules and finding that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order"); United States v. Espinoza-Saenz, 235 F.3d 501, 504-505 (10th Cir. 2000); Davenport v. United States, 217 F.3d 1341, 1344-1345 (11th Cir.

---

[1] Defendant's conviction became final on October 10, 2006, when the United States Supreme Court denied his petition for writ of certiorari. See Clay v. United States, 537 U.S. 522, 525 (2003); United States v. Martin, 357 F.3d 1198, 1200 (10th Cir. 2004). Thus, Defendant had until October 10, 2007, to file a timely § 2255 motion. The Clerk of Court received Defendant's § 2255 motion on September 13, 2007, or before the deadline.

4

2000); United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999). Because a majority of amendments to § 2255 motions raise issues which relate to a defendant's trial and sentencing, to allow amendment under that broad umbrella would be tantamount to judicial rescission of AEDPA's statute of limitations period. See United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000) (stating that to allow untimely amendments bringing new claims arising out of the same trial proceeding as the original claims, "would undermine the limitations period set by Congress in the AEDPA"); United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999) (holding that granting motion to amend "would have frustrated the intent of Congress that claims under 28 U.S.C. § 2255 be advanced within one year after a judgment of conviction becomes final"). Therefore, under the circumstances here, the relation back provision of Rule 15(c) cannot be applied to save Defendant's ineffective assistance of counsel claim asserted in the motions "to add additional issues." Because the claim identified in the motions is time-barred, Defendant's motions "to add additional issues" shall be denied.

**C. Section 2255 claims**

A prisoner in federal custody has the right to move the sentencing court to vacate, set aside or correct the sentence if the sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

In his brief in support of his 28 U.S.C. § 2255 motion (Dkt. # 83), Defendant identifies two claims of ineffective assistance of counsel. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient

5

performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. Id. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. Counsel is not constitutionally ineffective for failing to raise issues devoid of merit. United States v. Cook, 45 F.3d 388, 393 (10th Cir.1995).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

### 1. Failure to challenge sufficiency of evidence of controlled buy

As part of his first claim of ineffective assistance of counsel, Defendant states that his "ultimate issue" is whether he has "a valid Fourth Amendment claim." See id. at 3. Defendant alleges that his attorney provided ineffective assistance during the suppression hearing when he failed to challenge the government's evidence of the controlled buy and when he failed to argue that Defendant was too disabled by his drug addiction to sell drugs. Evidence presented at the hearing

6

on Defendant's motion to quash and suppress demonstrated that issuance of the search warrant was based on the affidavit of Tulsa Police Officer Anthony First. See Dkt. # 30, Supp. Trans. at 5. Officer First testified that he arranged for a confidential informant ("CI") to undertake a controlled drug buy from Defendant. Id. at 7. Officer First testified that he and his partner, Officer David Wamsley, searched the CI's person and vehicle before the CI entered Defendant's house, provided money to the CI to be used to purchase drugs, followed the CI's vehicle to Defendant's house, and watched the CI enter and exit the house after remaining inside for 3-5 minutes. Id. at 7-8. They then followed the CI to a prearranged destination and recovered drugs purchased from Defendant. Id. at 8. The record reflects that defense counsel thoroughly cross-examined Officer First concerning discrepancies between the search warrant affidavit and his testimony concerning the controlled buy. Id. at 16-32. Officer Wamsley also testified at the suppression hearing. Id. at 41-56. His testimony supported Officer First's testimony that the issuance of the search warrant was based on a CI's controlled drug buy from Defendant. Id. The Court finds that the evidence was sufficient to demonstrate that the controlled buy actually took place. Furthermore, defense counsel did in fact argue extensively during his closing argument at the suppression hearing that the evidence of the controlled buy was insufficient to establish probable cause to support issuance of the search warrant. Id. at 60-70. Therefore, trial counsel did not perform deficiently in failing to challenge the sufficiency of the evidence supporting the controlled buy. Defendant has failed to satisfy the deficient performance prong of Strickland. For that reason this claim of ineffective assistance of counsel shall be denied.

Defendant also asserts that his attorney provided ineffective assistance in failing to argue that Defendant's drug addiction rendered him too disabled at the time of the controlled buy to sell drugs.

Defendant offers no evidence to support that allegation and the evidence presented at trial refutes the claim. Testimony presented at trial demonstrated that Defendant was able to talk to police officers at the time of his arrest and explain how he obtained the drugs to sell. See Dkt. # 75, Tr. Trans. at 33-34.  The police officers found ample evidence, including three sets of digital scales, baggies containing methamphetamine, empty baggies, drug notations, and a gun, see id. at 24, 26-27, 29, 30, 68-69, 82-83, demonstrating that Defendant was actively buying and selling drugs. Defendant's attorney did not perform deficiently in failing to assert a disability claim as part of the motion to suppress.  Defendant has failed to satisfy the deficient performance prong of Strickland. For that reason this claim of ineffective assistance of counsel shall be denied.

### 2. Failure to advise of proper sentencing range

Next, Defendant alleges that his attorney provided ineffective assistance in advising him of the sentencing range during plea negotiations.  He argues that "the advice that was received was so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the [plea] offer."  See Dkt. # 83 at 7.  In support of his claim, Petitioner provides the affidavits of his aunt (Dkt. # 84) and his father (Dkt. # 85), who both state that after Defendant called "on or about March 24, 2005," they advised Defendant that if the best offer he received was the statutory maximum, it would be best for him to go to trial.

Bad advice alone is insufficient to prove the deficient performance required for constitutionally ineffective assistance of counsel. See Hatch v. Oklahoma, 58 F.3d 1447, 1459 (10th Cir. 1995) (for counsel's advice to be constitutionally ineffective, it must be completely unreasonable, not merely wrong). Further, to prove prejudice, Defendant must establish a reasonable probability that but for incompetent counsel, he would have accepted the plea offer and pled guilty.

See Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Carter, 130 F.3d 1432, 1442 (10th Cir. 1997); Nagi v. United States, 90 F.3d 130, 135-36 (6th Cir. 1996) (to succeed on a claim of ineffective assistance regarding a plea offer, petitioner must demonstrate that counsel's deficient performance caused him to reject plea).

Upon review of the procedural history of this case, the Court finds Defendant's argument reflects a misunderstanding of the applicable sentencing guidelines. Prior to the filing of the superseding indictment on March 10, 2005, the government offered to allow Defendant to plead guilty to the single count charged in the original indictment, felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Attorney Robert Ridenour has provided his affidavit (Dkt. # 92, attachment), stating that he advised Defendant that because his prior convictions for crimes of violence[2] and his possession of the firearm while in commission of a felony would be used to enhance his sentence, his guilty plea would result in a sentence of at or near the statutory maximum of 120 months for violation of § 922(g). Mr. Ridenour also states that he told Defendant that if he refused the plea offer, the government would file a superseding indictment adding charges of possession of methamphetamine with intent to distribute and possession of a firearm in furtherance of a drug-trafficking crime. Defendant refused the plea offer, the government filed the superseding indictment, Defendant was tried by a jury and found guilty on all three charges. He was sentenced to a total term of imprisonment of 150 months, comprised of 90 months on each of counts one and two, to be served concurrently, and a mandatory term of 60 months on count three, to be served

---

[2]The presentence report prepared after Defendant was convicted reflects Defendant had prior convictions for second degree burglary and sexual battery.

9

consecutively to counts one and two. The record reflects that at the time of sentencing, Defendant had no objection to the presentence report. See Dkt. # 65.

Defendant's claim of ineffective assistance of counsel is based on his allegation, see Dkt. # 106, that because he was actually sentenced to only 90 months on Count One, his attorney must have erroneously advised him during plea negotiations that he faced a sentence of 120 months on Count One, the only count filed in the original indictment. The Court finds, however, that Mr. Ridenour's advice to Defendant was accurate. At the time of the plea offer, Defendant was charged with one count of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g). Given Defendant's prior convictions for crimes of violence and because Defendant possessed the firearm while in commission of a felony, the resulting sentencing guideline range would have been 110-137 months, near or in excess of the statutory maximum of ten (10) years.[3] However, after Defendant refused the plea offer, the government filed the superseding indictment adding, *inter alia*, a § 924(c) count. As a result, Defendant's offense level for the § 922(g) count was not increased by four points as it would have been under the original indictment. See U.S.S.G. § 2K2.4, *Application Note 4*. Defendant's sentence for the § 922(g) count of the superseding indictment differed from the sentence he would have received had he pled guilty to that count before the filing of the superseding indictment. Because the superseding indictment added a § 924(c) count, the

---

[3] If Defendant had entered a plea of guilty to the original indictment, his base offense level would have been 24 because he had two previous convictions for crimes of violence. See U.S.S.G. § 2K2.1(a)(2). With a four-point enhancement for possession of the firearm in connection with another felony offense and a three-point reduction for acceptance of responsibility, his adjusted offense level would have been 25. See U.S.S.G. § 2K2.1(a)(2) & (b)(5), § 3E1.1. Defendant's extensive criminal history resulted in a total of 15 criminal history points and a criminal history category of VI. An adjusted offense level of 25 coupled with a criminal history category of VI produces a sentencing guideline range of 110-137 months, near or in excess of the statutory maximum of 120 months. See 18 U.S.C. § 924(a)(2).

sentence for the § 922(g) count was reduced but the mandatory 60 month consecutive sentence for the § 924(c) conviction was added. Defendant has failed to demonstrate that his attorney's advice was unreasonable. As a result, he has not satisfied the deficient performance prong of Strickland. For that reason this claim of ineffective assistance of counsel shall be denied.

Lastly, the Court rejects Defendant's contention that counsel performed deficiently regarding the consequences of rejecting the plea offer. In his affidavit (Dkt. # 92, attachment), Mr. Ridenour states that he advised Defendant as to the sentence he would received if he entered a guilty plea and that the government would file a superseding indictment if he chose to reject the government's offer. In support of his contention that his attorney failed to explain that the government would file a superseding indictment, Defendant points to a letter, dated March 25, 2005 (Dkt. # 39), he wrote to the undersigned complaining that the best deal his attorney offered was to accept the statutory maximum in exchange for a plea of guilty to Count 1. Although the letter was dated three days after Defendant had been arraigned on the superseding indictment, see Dkt. # 38 (minutes from arraignment held March 22, 2005), he makes no mention of counsel's alleged failure to advise him that the government would pursue additional charges. Thus, because Defendant clearly knew that additional charges had been filed when he wrote the letter, the letter does not support his claim that his attorney provided ineffective assistance in failing to advise him of the consequences of rejecting the plea offer. The Court finds Defendant has failed to satisfy the deficient performance prong of Strickland with regard to the advice given by his attorney concerning the sentencing range. This claim of ineffective assistance of counsel shall be denied.

*CONCLUSION*

Defendant has failed to demonstrate entitlement to relief on the claims asserted in his § 2255 motion. Therefore, Defendant's 28 U.S.C. § 2255 motion shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's motions "to add additional issues" (Dkt. #s 106 and 109) are **denied**.

2. Defendant's motions for appointment of counsel (Dkt. #s 107 and 108) are **denied**.

3. Defendant's motions for evidentiary hearing (Dkt. #s 106 and 109) are **denied**.

4. Defendant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Dkt. # 82) is **denied**.

5. A separate judgment shall be entered in this matter.

DATED THIS 15th day of November, 2010.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE